**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| **JACQUELINE A. WATKINS,** | ) Case No. 17 cv 2028 </br> ) </br> ) Judge: Edmond E. Chang </br> ) </br> ) Magistrate: Sidney I. Schenkier |
| Plaintiff, | |
| V. | |
| **CITY OF CHICAGO,** | |
| Defendant. | **Jury Trial Demand** |

**PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES Plaintiff, Jacqueline A. Watkins, by and through her attorney, Law Office of Jill M. Willis, and for her Plaintiff's Amended Complaint against the Defendant, City of Chicago (hereinafter, "Defendant"), states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff is alleging violation of her civil rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §1983. Plaintiff also seeks relief for her claims under Illinois common law for breach of contract.

1

2. Jurisdiction is specifically conferred on this Court pursuant to 28 U.S.C. § 1331, 1343 and Plaintiff's Illinois state law claims pursuant to the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

3. Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b) in that the employment practices alleged to be unlawful were committed within the Northern District of Illinois.

## PARTIES

4. Plaintiff is an African-American female and Chicago resident employed full-time since July 12, 1999 by Defendant's Police Department (hereinafter the "CPD") as a Patrol Officer. Plaintiff was employed during the period covered by this Complaint.

5. Defendant's CPD, is the law enforcement agency of the U.S. city of Chicago, Illinois. A January, 2017 report of the U. S. Department of Justice ("DOJ"), stemming from a 13-month investigation, found a number of issues with the operations of the CPD, including a pattern and practice of racist behavior. The DOJ has also requested a copy of all data within the CPD Complaint Register ("CR") management system. (See **Exhibit G** attached.)

## ADMINISTRATIVE COMPLIANCE

6. Plaintiff filed EEOC Charge Number 21B-2014-02257. Plaintiff received her Right to Sue on December 16, 2016. The current action has been timely filed. (See **Exhibit A** attached.)

7. Plaintiff previously filed with the Illinois Department of Human Rights ("IDHR") Charge Number 2015-CF0308. (See also **Exhibit A** attached.)

## GENERAL ALLEGATIONS

8. Plaintiff has been repeatedly denied meritorious promotions, including an application for a posted position as a Detective in December, 2016, which she believes is a retaliation for her prior complaints of racial and gender discrimination.

9. When Plaintiff again found her application for a meritorious promotion to Detective was denied in February, 2017, Plaintiff requested a review of her disciplinary file and discovered that a Complaint Register ("CR") disciplinary action was recorded against her, which should have been expunged pursuant to a prior investigation resolved in her favor on December 28, 2015. (See **Exhibit C** attached.)

10. Plaintiff asserts that it is a customary practice for meritorious promotions to be denied when a CR appears on an officer's personnel record, as this is considered a serious disciplinary action, especially when it is an internal complaint brought by an officer's supervisor. (See **Exhibit E** attached.)

11. Plaintiff had previously asserted that the CR#1019842 action attributed to her on September 9, 2008 by a prior supervisor, Sergeant Francis Higgins, was an intentionally false, malicious, defamatory, slanderous and racially motivated act.

12. Making a false report, written or oral, constitutes a Rule 14 violation under the CPD Rules of Conduct, which also triggers a Rule 2 violation, as it discredits the CPD. (See **Exhibit B** attached.)

13. A CR number, if Sustained, can result in serious disciplinary action, up to and including, suspensions, denial of promotions or transfers, and possible termination. *See*

*O'Sullivan v.* City of Chicago, 01 C 9856 (N.D. Ill. 2007). Plaintiff had never previously had a CR Sustained and should not have had one here.

14. Plaintiff immediately filed a complaint of race and gender discrimination with the IDHR when the CR was issued, but was told that, unless there was some punishment or other employment detriment that ensued as a result of this action, the complaint could not be filed and investigated.

15. Plaintiff again filed with the IDHR due to a suspension in 2014, Plaintiff asserts that during the ensuing IDHR investigation the Defendant submitted false documents and an incomplete file, resulting in a favorable finding for the Defendant.

16. Plaintiff simultaneously filed a complaint that Sergeant Higgins committed a Rule 14 violation, meaning he intentionally made a false report against her and that it was motivated by racial and gender animus, with the Chicago Police Department Internal Affairs Division ("IAD") and a grievance with the union, the Fraternal Order of Police ("FOP").

17. Plaintiff asserts that Defendant took an uncharacteristically lengthy delay of two (2) years to commence the investigation and a total of six (6) years to complete the investigation of her complaint of race and gender bias by Sergeant Higgins through the IAD, during which time Sergeant Higgins was allowed to retire from the CPD, although he is still employed with the City of Chicago and provided with a city-owned vehicle. She observed other complaints filed after hers that were undertaken in much less time.

18. This lengthy delay was a violation of her due process rights as Plaintiff believes the intent was to sabotage her filing discrimination charges within the statutory time constraints of the IDHR and EEOC as well as protect Sergeant Higgins from any adverse employment action that could ensue from a Rule 14 violation.

19. Plaintiff asserts that, despite the number of years Defendant engaged in the investigation, the Defendant failed to pursue a thorough, full and impartial investigation of her complaint.

20. During the ensuing investigation, Internal Affairs Sergeant Jamie Kane changed the wording of the charge against Plaintiff from "failure to respond to a burglary in process call in a timely manner" to "failure to properly respond", but refused to explain, when asked by Plaintiff, the rationale for the change.

21. CPD policy requires sergeants to explain in detail the basis for a violation and clearly define the CPD rule violated. Despite the expectation of impartiality by an IAD Investigator, Plaintiff states that she was excoriated by Sergeant Kane for bringing the allegations of race and gender bias against Sergeant Higgins.

22. Plaintiff states that her 1st grievance appeared to be ignored by the FOP as there was never a response given to her.

23. In the process of filing a 2nd grievance in February, 2017 with the FOP about her denial again of a meritorious promotion, Plaintiff discovered in reviewing the FOP files that three (3) of the 4 Deputies investigating her complaint at the Internal Affairs Division determined that her CR was Not Sustained. This information had not previously been disclosed to her.

24. For unknown reasons, the Chief of Internal Affairs at that time, Juan Rivera, chose to document the CR as Sustained and submitted this for final approval to then Superintendent Joseph McCarthy. Ignoring the Chain of Command should not have happened.

25. A subsequent arbitration decision confirmed that the CR should not have been Sustained, Plaintiff's suspension should be reversed and the CR expunged from her record. For

unknown reasons, however, the CR remained on her record after the December 28, 2015 decision. (See **Exhibit C** attached.)

26. The damage to her reputation, career, emotional and medical well-being has already been done. Despite the fact that Plaintiff has an MBA and in May, 2017 received a second Master's Degree, she is on the bottom rank of the CPD along with entry-level, far less educated and experienced officers.

27. Despite repeated requests for the removal of the unsustained CR, this had not happened as of the date of filing of this lawsuit. (See **Exhibit D** attached.) Plaintiff views this as evidence of continuing harassment and retaliation for her complaints of discriminatory treatment.

28. Plaintiff asserts that, with frequent Freedom of Information Act ("FOIA") requests, there is the continuing risk of damage to her reputation before the public and other potential supervisors, leading to continuing damage to her reputation, chances for advancement and emotional anguish. *See Kalven v. City of Chicago, 2014IL. App (1st) 121846* (See also **Exhibit F** attached.)

29. Plaintiff has also recently experienced a lowering of her performance review rating, which she views as a fabrication and further evidence of harassing and retaliatory behavior by the Defendant.

## CLAIMS FOR RELIEF

### COUNT I

**Title VII of the Civil Rights Act of 1964, as amended.**

30. Plaintiff adopts by reference and incorporates paragraphs 8 through 28 as if fully set forth herein.

31. Plaintiff is currently employed by Defendant's CPD.

32. That as an employer within the meaning of Title VII, the Defendant owed at all times a duty to Plaintiff not to harass and/or discriminate against her with respect to employment or other conditions or privileges of employment due to her race or gender.

33. Plaintiff is an African-American woman and is a member of two protected classes, race and gender, which entitles her to that protection afforded by Title VII.

34. At all times pertinent hereto, Plaintiff was an excellent and dedicated employee highly proficient and in all respects acted in the best interests of her employer.

35. That the race and gender of the Plaintiff was not a term, requirement or condition of employment with Defendant, and Plaintiff's race and gender did not in any way affect her job performance.

36. That during Plaintiff's tenure of employment, she was victimized by the Defendant and/or its agents and employees in the following manner:

(a) Subjected to harassment by employees and managers due to race and gender, which was condoned by the Defendant and

(b) Subjected to a racially harassing, hostile and intimidating employment environment.

37. That all of the aforesaid conduct was made known to and complained of to supervisory personnel of the Defendant herein by the Plaintiff.

38. That, despite said complaints, such conduct continued unfettered and no effort was made by management or agents of the Defendants, to curtail or otherwise curb and prevent such discriminatory conduct.

39. The conduct by each of the Defendant's employees had the purpose and/or effect of substantially interfering with the Plaintiff's employment and/or creating an intimidating, hostile and offensive employment environment.

40. Defendant had both actual and constructive notice that its employees were creating a hostile and offensive work environment for the Plaintiff.

41. Despite having notice of the conduct of its employees and supervisory personnel toward the Plaintiff and other minorities, Defendants failed to take any remedial action.

42. The conduct as set forth above by each of the Defendants' employees and their failure to take remedial action violates Title VII.

43. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination on the basis of race and gender in the workplace. Although Plaintiff was only a passenger in the squad car she and her partner were both charged with a Rule 10 violation, Inattention to duty, in responding to a dispatch call, although it was later established that there was no violation.

44. Plaintiff believes that there has been a long-term pattern and practice of racial and gender discrimination in the CPD that impacted not only her, but all minority employees.

45. Plaintiff asserts that she and other minority employees are routinely, disproportionately and improperly subjected to harsher discipline for similar behaviors than their white counterparts. She and other minority officers are placed on performance improvement plans without any clear articulation of performance deficiencies or supervisory management of any alleged performance deficits. Plaintiff also notices that African-American officers are more frequently placed in lower level paid positions than white, less educated and less experienced officers. These actions are all in violation of the protections granted under Title VII.

## COUNT II

### 42 U. S. C. § 1983, as amended

46. Plaintiff adopts by reference and incorporates paragraphs 8 through 28 as if fully set forth herein.

47. 42 U.S. C. § 1983, as amended, prohibits the deprivation of constitutionally guaranteed rights, including, but not limited to, prohibitions against employment discrimination and interference with contracts and relationships, by governmental entities "under color of law".

48. Defendant is a governmental entity that has intentionally and maliciously discriminated against Plaintiff under color of law. Defendant has taken an inordinate amount of time to redress the injury to Plaintiff's reputation, career and emotional well-being.

49. Defendant had both actual and constructive notice that its employees were creating a hostile and offensive work environment for the Plaintiff.

50. Despite having notice of the conduct of its employees and supervisory personnel toward the Plaintiff and other minorities, Defendants failed to take any remedial action.

51. The conduct as set forth above by each of the Defendants' employees and their failure to take remedial action violates Section 1983.

## COUNT III

### Retaliation

52. Plaintiff adopts by reference and incorporates paragraphs 8 through 28 as if fully set forth herein.

9

53. Plaintiff alleges retaliation by Defendant as a result of her activities to secure her federally protected rights. Plaintiff had the right to file the charges of race and gender discrimination in her employment and the right to be free of retaliation for doing so.

54. It took years before the false allegations and extreme discipline levelled against her were reversed, although it is inexplicable why the CR investigation took as long as it did, why the CR was ever affirmed as Sustained by the Chief of the IAD, why it was not expunged from her personnel record 14 months after the decision was made that it should have been and why, despite the fact that this information was already known for some time by the FOB, it took the filing of a second grievance to bring it to light. In the interim her ability to receive a meritorious promotion was severely compromised and, indeed, barred.

55. Plaintiff states that the hostile work environment she experiences at the CPD caused her medical and emotional problems thereby creating undue stress in performance of her job responsibilities. She perceives harassment by frequent teasing from her colleagues because of the allegation of failure to respond to a dispatch. Seeking redress through the FOP union she found initially unsuccessful as, in her opinion, the union was biased and colluding with Defendant's CPD management by withholding the information that would have vindicated her.

## COUNT IV

### Breach of Contract Under Illinois Common law

56. Defendant breached its duty under its contract of employment with Plaintiff to subject Plaintiff to equitable and reasonable terms and conditions of employment relative to non-minority and non-female employees. Defendant also violated Plaintiff's due process rights in handling her complaints of discriminatory treatment.

**PRAYER FOR RELIEF**

57. As a result of Defendant's illegal acts, Plaintiff was deprived of her right to be free from discrimination in the workplace. Plaintiff was seriously harmed, emotionally and financially, by Defendant's racially and gender biased discriminatory behavior directed towards her. The employment practices complained of above were intentional, malicious and performed under "color of law" by individuals in positions of power and authority in a governmental entity in violation of 42 U.S. C. § 1983, as amended. In light of Defendant's reckless disregard and deliberate practice of discriminating against Plaintiff, compensatory damages are appropriate and should be awarded to punish Defendant's behavior and deter future misconduct.

WHEREFOR, Plaintiff respectfully requests that this Honorable Court enter judgment in Plaintiff's favor and against Defendant as follows

a. Declares that the treatment of Plaintiff by Defendant violated Title VII of the Civil Rights Act of 1964, as amended;

b. Declares that the acts, conduct, policies and practices of Defendant as applied to Plaintiff violated 42 U.S.C. § 1983, as amended;

c. Declares that the acts, conduct, policies and practices of Defendant as applied to Plaintiff violated Plaintiff's Illinois common law rights;

d. Direct Defendant to make Plaintiff whole by providing a meritorious promotion to Detective and appropriate earnings, benefits, and lost wages caused by Defendant's malicious and illegal behavior;

e. Award Plaintiff compensatory damages against the Defendant;

f. Award Plaintiff reasonable attorney's fees and costs, as provided by law; and

g. Award Plaintiff such other equitable, injunctive and any other relief that the Court deems just and equitable to end the discrimination, fairly compensate Plaintiff and deter future discriminatory acts.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all counts and claims raised by this Complaint.

Dated: July 27, 2017                                          Respectfully submitted,


                                                               /S/ Jill M. Willis

                                                              Attorney for Plaintiff




Jill M. Willis, Esq.
ARDC#6187884
Law Office of Jill M. Willis
3628 South King Drive
Chicago, Illinois 60653
(847) 826-5284
jillwillis.law@gmail.com

17 cv 2028

Watkins v. City of Chicago

# EXHIBITS

# Watkins v. City of Chicago

## List of Exhibits

A. Plaintiff IDHR/EEOC Charge of Discrimination

B. CPD Rule 14: False Statements While Working

C. Fraternal Order of Police Summary Arbitration

D. Plaintiff's 3rd Request to Investigate/Close False CR

E. Merit Nomination for Detective Prerequisites

F. Kalven v. City of Chicago Synopsis

G. Department of Justice Investigation of CPD CR System

## **CERTIFICATE OF SERVICE**
**Law**

The undersigned, Jill M. Willis, certifies that on July 27, 2017, she caused to be served a copy of the foregoing **Plaintiff's Amended Complaint**, in the above-captioned matter, to be filed with the Clerk of the United States District Court for the Northern District of Illinois and served on the party of record on July 27, 2017 via **ECF** in the above-captioned matter, addressed to:

`

        Edward N. Siskel
        Corporation Counsel
        City of Chicago
        Department of Law
        Labor Division
        30 North LaSalle Street, Suite 1040
        Chicago. Illinois 60602

        And

        Rebecca M. Gest
        Assistant Corporation Counsel
        City of Chicago
        Department of Law
        Labor Division
        30 North LaSalle Street, Suite 1040
        Chicago. Illinois 60602

                          /S/ Jill M. Willis

                          Attorney for Plaintiff

Jill M. Willis, Esq.
ARDC #6187884
Law Office of Jill M. Willis
3628 South King Drive
Chicago, Illinois 60653
(847) 826-5284
jillwillis.law@gmail.com